IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

In re:

TED and CHRISTINE WIESE,                                             (Chapter 7)

         Debtors.                                                       Case No. 09-11460

---

Whitefeather, et al,

         Plaintiffs,

v.                                                                                         Adv. No. 09-149

Ted and Christine Wiese,

         Defendants.

---

MEMORANDUM DECISION

---

Ted and Christine Wiese filed a chapter 7 bankruptcy in March 2009. On July 20, 2009, an adversary proceeding contending that debts were non-dischargeable under 11 U.S.C. § 523(a)(6) was filed against them by three former tenants in rental units owned by the Wieses. The tenants had previously sued the Wieses in state court, alleging damages caused by a sewer back up that flooded their units in October 2008. The plaintiffs alleged that the Wieses misrepresented the condition of the property and violated several state statutes, for which they sought damages including a refund of October 2008 rent, costs to find substitute housing, and damage to property.

1

The Wieses, acting *pro se*, filed an answer on August 21, 2009, denying the bulk of the complaint's allegations. A pre-trial conference was scheduled for September 22, 2009, and the Wieses were ordered to submit a joint pretrial statement and to appear at the hearing. The Wieses did not submit a pretrial statement, did not return plaintiffs' calls, and did not appear at the hearing. The Wieses contend that they received a notice in the mail from the state court stating that a hearing had been canceled. They say that they were confused, thinking that the bankruptcy hearing had been canceled instead.

On October 23, 2009, the plaintiffs moved for entry of a default judgment. Due to an error on plaintiffs' part, the Wieses got no notice of this motion, and failed to appear at a hearing on December 1, 2009. A default judgment was granted. The Wieses contend that, had they known, they would have appeared. The order granting default judgment was signed on December 21, 2009, but not mailed to the Wieses. (Had the Wieses been electronic filers, they would have received electronic notice.)

At some point, the Wieses realized that a default judgment had been entered against them. They retained counsel, who moved to reopen the main case and the adversary proceeding and to set aside both the default judgment and the entry of default. The parties agreed to reopen the main case. The remaining matters were taken under advisement.

Federal Rule of Bankruptcy Procedure 9024 incorporates Federal Rule of Civil Procedure 60, which allows for relief from a judgment for "mistake, inadvertence, surprise, or excusable neglect." FRCP 60(b)(1). It also permits relief where a judgment is void. FRCP 60(b)(4). The parties agree that the Wieses got no notice of the hearing on the default judgment. In analogous cases, the Court of Appeals for the Seventh Circuit has vacated the default judgment. See, e.g.,

2

Price v. Wyeth Holdings Corp., 505 F.3d 624 (7th Cir. 2007) (judgment vacated where lack of notice made it void). Accordingly, the default judgment against the Wieses should be vacated.

Vacating the default judgment does not, however, remove the entry of default. Instead, to lift the entry of default, the Wieses must show "good cause." Federal Rule of Bankruptcy Procedure 7055 (incorporating FRCP 55(c)). The circuit court has elaborated on what constitutes "good cause," casting it as a process of weighing the equities to each side. U.S. v. Di Mucci, 879 F.2d 1488 (7th Cir. 1989). Good cause is not equivalent to having a good excuse or showing excusable neglect. Sims v. EGA Prods., Inc., 475 F.3d 865 (7th Cir. 2007). Instead, a court must consider the defaulting party's actions (i.e., did they quickly act to correct the problem, do they have meritorious defenses) and the prejudice to each side. Di Mucci, 879 F.2d at 1495. The guiding principle is that the "sanction should fit the offense." Sims, 475 F.3d at 868.

Entry of default has been found inappropriate in truly extreme cases, often involving steep monetary penalties. See, e.g., Degen v. U.S., 517 U.S. 820 (entry of default too extreme a sanction in $5.5 million civil suit); Sims 475 F.3d 865 (default for failure to file an answer properly set aside where it imposed a $31 million judgment on defendant). In this case, the consequences of default are far more modest. The monetary damages have yet to be set by the state court. When set, they are likely to be quite modest, as they are comprised of claims for one month's rent, some property damage, and relocation assistance for three tenants. This is a far cry from the multi-million-dollar exposure that justified overturning an entry of default in other cases.

Further, *pro se* litigants are not automatically entitled to more lenient treatment. Only in truly extreme cases have *pro se* litigants been given a break. The cases cited by the Wieses fail

3

to support their position. In Palmer v. City of Decatur, for example, a *pro se*, incarcerated plaintiff proceeding *in forma pauperis* had an entry of default lifted against him where he was unable to hire an attorney until two weeks after a scheduled hearing. 814 F.2d 426 (7th Cir. 1987). The plaintiff's physical inability to attend the hearing due to incarceration was cited as part of the court's calculus in lifting entry of default.

The Wieses, by contrast, could have attended the pretrial. They certainly could have responded to the plaintiff's attempt to talk before the pretrial. And they could have complied with the order to participate in the preparation and filing of a pretrial statement. They failed to do so because they thought that notice of a dismissed state court hearing meant that the bankruptcy pre-trial conference was cancelled. This error was made, notwithstanding that the two cases were captioned in different courts, had different numbers, were scheduled to be held in different locations, and presumably on different dates. Such a failure to participate in the pretrial process has been held sufficient for entry of default. Smith v. Chicago Sch. Reform Bd. of Tr., 165 F.3d 1142, 1145 (7th Cir. 1999) ("many times we have held that failure to participate in the pretrial process, whether by abandoning the litigation or by obstructing some vital step, permits a court to award summary victory to the other side").

The Wieses also chose to proceed in this adversary proceeding *pro se*, even though they had counsel to represent them when they filed their bankruptcy. The Seventh Circuit has held that a litigant "bears the consequences of errors by its chosen agent." Sims, 475 F.3d at 869. The Wieses chose to act *pro se* and made a serious error in failing to appear. Entry of default is a fitting consequence.

For the reasons set out above, the default judgment is vacated, but entry of default is not. A rehearing on the motion for default judgment is set for July 19 at 1:00 p.m., at which hearing

4

the defendants may appear, cross-examine witnesses, raise objections to admission of evidence, and argue their legal defenses, but are precluded by their prior default from presenting any evidence in support of their defenses.

Dated: June 8, 2010

/s/ Robert D. Martin

ROBERT D. MARTIN
UNITED STATES BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

In re:

TED and CHRISTINE WIESE, (Chapter 7)

Debtors. Case No. 09-11460

Whitefeather, et al,

Plaintiffs,

v. Adv. No. 09-149

Ted and Christine Wiese,

Defendants.

ORDER

The Court having reached the conclusions of law contained in the memorandum decision filed this date, it is hereby ORDERED that the Wieses' motion for relief from final judgment is GRANTED IN PART in that the default judgment is vacated, and DENIED IN PART, in that the entry of default will remain on the record. A rehearing on the motion for default judgment will be held on July 19, 2010 at 1:00 p.m.

Dated: June 8, 2010

ROBERT D. MARTIN
UNITED STATES BANKRUPTCY JUDGE